FORM FOR USE IN APPLICATIONS 3:07CV 690-mnt

FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254     RECEIVED

2007 JUL 30 A 10: 01

DEBRA P. HACKETT, C.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Name: JASON LEE HOLLOWAY

Prison Number: 230296

Place of Confinement: St. Clair Correction Facility, 1000 St. Clair Road, Springville, Alabama U.S.A. 35146-5582

United States District Court <u>Middle</u>     District of <u>Alabama</u>

Case No. _____
(To be supplied by Clerk of U. S. District Court)

JASON LEE HOLLOWAY , PETITIONER
(Full Name)   (Include name under which you were convicted)

RALPH HOOKS, et al State of Alabama , RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF <u>ALABAMA</u>

_____ , ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is:</u>

P.O. Box 711<br>Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**\*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.**

PETITION

1. Name and location of court which entered the judgment of conviction under attack __Circuit Court of Chamber Co., Lafayette, Alabama 36862__

2. Date of judgment of conviction __July 23, 2003__

3. Length of sentence __L.W.O.P.__ Sentencing Judge __R.D. Martin__

4. Nature of offense or offenses for which you were convicted: _____
   Capital murder of two persons pursuant to one course of conduct;
   Capital murder during Burglary and murder.

5. What was your plea? (check one)
   (a) Not guilty (x)
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: ___N/A___

6. Kind of trial: (Check one)
   (a) Jury (x)
   (b) Judge only ( )

7. Did you testify at the trial? Yes (X) No ( )

8. Did you appeal from the judgment of conviction? Yes (X) No ( )

9. If you did appeal, answer the following:
   (a) Name of court ___Court of Criminal Appeals___
   (b) Result ___Affirmed___
   (c) Date of result ___August 13, 2004___
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: ___N/A___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes (x) No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court ___Circuit Court of Chambers County___
        (2) Nature of proceeding ___Rule 32 petition___

        (3) Grounds raised ___The court was without jurisdiction to render judgment or to impose sentence and ineffective assistance of counsel.___

        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (X)
        (5) Result ___Denied___
        (6) Date of result ___June 28, 2004___

(b) As to any second petition, application or motion give the same information:
   (1) Name of court _____ N/A _____
   (2) Nature of proceeding _____ N/A _____

   (3) Grounds raised _____ N/A _____

   _____

   _____

   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )    No ( X )
   (5) Result _____ N/A _____
   (6) Date of result _____ N/A _____
(c) As to any third petition, application or motion, give the same information:
   (1) Name of Court _____ N/A _____
   (2) Nature of proceeding _____ N/A _____

   (3) Grounds raised _____ N/A _____

   _____

   _____

   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )    No ( X )
   (5) Result _____ N/A _____
   (6) Date of result _____ N/A _____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc.          Yes ( X )    No ( )
   (2) Second petition, etc.         Yes ( )      No ( X )
   (3) Third petition, etc.          Yes ( )      No ( X )
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____
   N/A

   _____

   _____

   _____

   _____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.
   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
   (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
   (e) Conviction obtained by a violation of the privilege against self-incrimination.
   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   (g) Conviction obtained by a violation of the protection against double jeopardy.
   (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   (i) Denial of effective assistance of counsel.
   (j) Denial of right of appeal.

A. Ground one: Conviction obtained by a violation of the protection against Double Jeopardy. (Jurisdictional Double Jeopardy).

Supporting FACTS (tell your story briefly without citing cases or law):

Attached

B. Ground two: Denial of Effective Assistance of Counsel

Supporting FACTS (tell your story briefly without citing cases or law):

Attached

C. Ground three: _____

Supporting FACTS (tell your story briefly without citing cases or law):

D. Ground four: _____

Supporting FACTS (tell your story briefly without citing cases or law): _____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?    Yes ( )    No ( )

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing ____Richard Keith____

    (b) At arraignment and plea ____William Blanchard____

    (c) At trial ____"____

    (d) At sentencing ____"____

    (e) On appeal ____Charles R. Gillenwaters____
        Joseph D. Ficquette

## STATEMENT OF FACTS

Holloway was sentenced twice to L.W.O.P. on more than one count of an indictment for two trial by jury convictions for capital murder of Rodney and Angela Brown by one act or pursuant to one scheme or course of conduct and for capital murder of Angela Brown during the course of a Burglary. One of these convictions and sentences is due to be vacated because based on the facts and law one conviction negates the other and vice versa.

Also, Holloway was indicted for capital murder of Rodney Brown during the course of a Burglary. The petit jury found him guilty of the lesser included offense of intentional murder and the court sentenced him to life imprisonment. The Alabama Court of Criminal Appeals ordered this conviction and sentence vacated because it violated the principles of double jeopardy. See post-conviction opinion <u>CR-05-0185</u>.

On direct appeal the Alabama Court of Criminal Appeals found that the State presented evidence of a second unlawful entry to justify the jury's verdict of guilty for the capital murder of Angela Brown during the course of a Burglary. However, this Court's finding is inconsistent with the jury's verdict finding Holloway guilty of capital murder of two persons by one act or pursuant to one scheme or course of conduct.

Holloway believes the Court of Criminal Appeals opinion is ERRONEOUS with respect to the two capital convictions and the totality of his conduct.

Therefore, his conviction and sentence for capital murder of Angela Brown during the course of a Burglary is due to be vacated because it violates the principles of double jeopardy.

If the Appellate Court's finding of facts is consistent with the petit jury's verdict for capital murder of two persons by one act or pursuant to one scheme or course of conduct then the second unlawful entry is not a second Burglary but is part of a continuous transaction and the same burglary. Otherwise, the Appellate Court admits the jury's verdict is insufficient for finding Holloway killed two persons by one act or pursuant to one scheme or course of conduct. Angela Brown's death was caused after the alleged second entry of the same transaction. Thus, only the capital murder of two persons conviction and sentence should be upheld.

The capital murder of Angela Brown during the course of Burglary conviction and sentence should be vacated because the petit jury acquitted Holloway of this same Burglary alleged in the capital murder during a Burglary count of Rodney Brown and thereafter the Appellate Court vacated the residue intentional murder conviction and sentence. The same should be done for this capital murder during a Burglary conviction and sentence.

Otherwise, Holloway's substantial dur process of law rights of § 13A-1-8 and § 15-3-8, of the Code of Alabama (1975) and the Sixth and Fourteenth Amendment Rights to double jeopardy and substantial due process of law will be violated.

Next, Holloway believes he is due a new trial or his capital murder convictions should be vacated because the court lacked jurisdiction to render judgment or to impose sentence because the indictment charging Holloway with capital murder of Rodney Brown and Angela Brown during the course of a Burglary did not state specifically what crime he intended to commit in the

dwelling when the murders occurred, and because the trial court amended the indictment by its oral instructions to the jury and because he was deprived of the (state) right of Allocution. The Appellate Court used an unreasonable application of State law to deny these claims. The facts are undisputed and the law at the time warranted Holloway relief for these claims. Holloway's substantial rights of due process of law was violated when the Appellate Court denied him relief based on case law decided after the errors was committed in his case. Holloway believes he is entitled to relief on the laws in effect at the time he raised his claims. Otherwise, the ex post facto application of law enlarged the trial court's jurisdiction over the subject matter where it did not previously exist.

The Appellate Court had no authority to empower the trial court after the fact with new subject matter jurisdiction over the matters that formerly warranted relief.

Lastly, Holloway claims that he received ineffective assistance from his trial counsel because trial counsel failed to move to dismiss the capital murder indictments that failed to specify the crime Holloway had committed contemporaneous to the murders, and failed to object to the trial court's omission of a jury instruction on the statutory elements of capital murder as defined in § 13A-5-40(a)(10), and failed to object to the amendment of the indictment by the trial court's jury instructions and because appellate counsel did not raise the issue of trial counsel's ineffectiveness on direct appeal.

The Appellate Court found Holloway is not entitled to relief as to these claims of ineffective assistance of counsel are without merit because he is unable to show that he was prejudiced by his counsel's performance. Again,

the state case laws relied on by the Appellate Court was not in effect at the time of the errors committed or at the time Holloway filed his Rule 32 post-conviction petition. The case laws used by the Appellate Court to preclude Holloway relief are ex post facto.

Cause and prejudice was established by Holloway because <u>Lanier v. State</u>, 733 So.2d 931 (Ala.Crim.App. 1998) required an indictment to specify the crime the accused had committed contemporaneous to an unlawful entry of a dwelling or building. Wherefore, legal cause existed for Holloway's counsels to have moved the court to have dismissed his capital murder during a Burglary indictments because both counts failed to set forth the specific crime intended to be committed within the dwelling.

Prejudice also exists because Holloway was entitled to notice of what intended crime(s) he was to defend against. Moreover, even after the trial court erroneously amended the Burglary portion of the counts in it's oral instruction to the petit jury. The jury acquitted Holloway of Burglary from the capital murder count involving Rodney Brown because it did not believe Holloway intended to commit any crime while inside the dwelling, viz., assault and/or harassment and/or menacing, and if the petit jury believed Holloway had these intents to commit these purported offenses then these intents conflict with Holloway having the intent to cause the death of both the victims while inside the dwelling. Consequently, the petit jury found he caused the death of the victims but it was not intentional. The cause was only to assault and/or harass and/or to menace them.

The Appellate Court's application and conclusion of law is erroneous and Holloway's counsels was ineffective for failing to move the trial court to dismiss his indictments based on the law of <u>Lanier</u>, supra, and the facts of his case.

Additionally, counsels was ineffective for failing to object to the trial court amendment to the jury instructions regarding both capital murders during a Burglary counts because the grand jury did not find Holloway intended to commit an assault and/or harassment and/or menacing crimes while inside the dwelling but the trial court added these intended offenses for the petit jury to consider even though Holloway was never put on notice to defend against these unknown intended offenses. Counsels should have objected when the court added ingredients in it's oral instructions that was not included in the original indictment.

Prejudice is shown because the petit jury believed the trial court's jury instructions and convicted him of capital murder during a Burglary of Angela Browns dwelling when Holloway did not know to defend against these added ingredients to fulfill an essential element to constitute a Burglary offense.

Holloway is entitled to relief because he was convicted upon ingredients that constitute an essential element of Burglary that the grand jury did not find he should be put on trial for. Holloway was convicted upon ingredients that the trial court believed he had no right to notice to defend against.

Holloway received ineffective assistance of counsel because his counsels failed to object to the trial court's omission of a jury instruction on the statutory elements of capital murder of two person. The Appellate Court made an unreasonable finding of fact based on correct law to establish Holloway failed to show cause or prejudice. Cause exists because the trial court did not instruct the state must prove beyond a reasonable doubt that Holloway caused the deaths of Rodney Brown and Angela Brown <u>by one act or pursuant to one scheme or course of conduct</u> when the court was going over the specific law pertaining to the case for a conviction regarding count one.

The Appellate Court attempted to justify the trial court's incomplete jury instruction instruction by pointing out in another part of the total jury instructions where the court named the offense of capital murder of two or more persons by a single act but this portion of the instructions was not part of the specific elements to convict Holloway beyond a reasonable doubt. It had no relation with respect to the elements of convict. Thus, cause is established for counsels to have objected.

Prejudice is established also because without a jury finding Holloway murdered two persons by one act or pursuant to one scheme or course of conduct then the trial court's omitted instruction of an essential element of the offense lessened or relieved the state's burden of proof of all the elements of the offense to constitute that capital crime.

Lastly, Holloway received ineffective assistance of Appellate counsel. This claim is not without merit because at the time of Holloway's direct appeal the case laws the Appellate Court used to deny each and all of this post-conviction claims did not exist. Thus, cause is established because the laws in relation to each of the errors claimed on post-conviction was in effect at the time of the direct appeal.

Prejudice exists because the clerk's records was available in the clerk's office for review and appellate counsel could have consulted with Holloway and his trial counsels for errors to appeal. In fact, jurisdictional errors can be raised at anytime. Further, had appellate counsel raised the cognizable claims in law that Holloway raised in his post-conviction petition then the Appellate Court could not have used non existing or the ex post facto case laws it used to preclude Holloway from relief in state court.

## CONCLUSION

Wherefore, based on the above Holloway prays this Honorable Court grants him relief of his convictions and sentences. Holloway is indigent and desires counsel. Holloway deserves relief because his federal constitutional rights have been violated by the State of Alabama. The failure to grant Holloway relief will result in a miscarriage of justice. Holloway is innocent of the crimes that he has been convicted of. Holloway deserves a new trial.

Respectfully submitted,

x*Jason Lee Holloway*
Jason Holloway, pro-se

(f) In any post-conviction proceeding ___Pro-se___

(g) On appeal from any adverse ruling in a post-conviction proceeding: ___
Pro-se

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes (X)    No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )    No (X)

  (a) If so, give name and location of court which imposed sentence to be served in the future: ___N/A___

  (b) And give date and length of sentence to be served in the future: ___N/A___

  (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( )    No (X)

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.


_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on ___July 27, 2007 A.D.___
                                                                                    (date)

X Jason Holloway
Signature of Petitioner

JASON LEE Holloway
#230296 (K2-29)
1000 St. Clair Road
Springville, Alabama
USA 35146-5582

LEGAL MAIL



Clerk of the United State
District Court
P.O. Box 711
Montgomery, Alabama
USA 36101